FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 06 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

ALLEN SHORTELL,

      Plaintiff,

- against -

OFFICE OF COURT ADMINISTRATION,

      Defendant.
------------------------------------------------------------ X

**MEMORANDUM
DECISION AND ORDER**

12 Civ. 0534 (BMC)(LB)

**COGAN**, District Judge.

  Plaintiff, proceeding *pro se*, brought this action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 et seq., ("ADA"), the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq., ("FMLA"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"). He alleged that he was denied a position as a Court Officer with the State of New York in retaliation for taking medical leave. Defendant has moved to dismiss, and the motion must be granted.

  As defendant has correctly pointed out, the Eleventh Amendment bars claims against the States and their agencies under the ADA, ADEA, and FMLA. See Coleman v. Court of Appeals of Md., 132 S. Ct. 1327 (2012); Bd of Tr. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 121 S. Ct. 955 (2001); Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 120 S. Ct. 631 (2000). Although plaintiff has opposed defendant's motion, he does not contend otherwise. Instead, he asserts for the first time that he has viable claims under Title II of the ADA, Title VII of the Civil Rights Act of 1964, and the First, Fourth, and Fourteenth Amendments to the United States

Constitution. Given plaintiff's *pro se* status, the Court construes this response as a motion to amend the complaint to assert those claims.

As always, this Court construes a *pro se* litigant's pleadings liberally, see Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Courts must read *pro se* papers with "special solicitude" and interpret them to raise the "strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted). However, even under this standard, plaintiff's motion to amend must be denied because his proposed amendments would be futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (although Rule 15(a) of the Federal Rules of Civil Procedure mandates that leave to amend be freely given when justice so requires, leave must be denied when the proposed amendment would be futile).

First, this Court finds that Title II of the ADA does not apply to claims of the denial of employment based on disability, since those claims fall exclusively under Title I. Courts all over the country are divided on this issue, and the status of the law on this point is particularly divided among district courts within this circuit, since the Second Circuit has yet to weigh in. Compare Emmons v. City Univ. of N.Y., 715 F. Supp. 2d 394, 408 (E.D.N.Y. 2010) (holding that employment discrimination claims may not be brought pursuant to Title II of the ADA); and Fleming v. State Univ. of N.Y., 502 F. Supp. 2d 324 (E.D.N.Y. 2007) (same); with Transp. Workers Union of Am., Local 100 v. N.Y.C. Transit Auth., 342 F. Supp. 2d 160, 175 (S.D.N.Y. 2004) (finding that Title II covers employment discrimination). This Court agrees with the reasoning set forth by the Ninth Circuit in Zimmerman v. Or. Dep't of Justice, 170 F.3d 1169

2

(9th Cir. 1999), and the district courts within this Circuit that have adopted the Zimmerman Court's approach. As the Zimmerman Court stated, "when viewed as a whole, the text, context and structure of the ADA show unambiguously that Congress did not intend for Title II to apply to employment." Id. at 1178. Plaintiff therefore may not circumvent the Eleventh Amendment's preservation of sovereign immunity as to Title I claims by asserting such claims under Title II. See Sworn v. W. N.Y. Children's Psychiatric Ctr., 269 F. Supp. 2d 152, 157 (W.D.N.Y. 2003). It would thus be futile for plaintiff to amend his complaint to bring claims under Title II.

Nor does plaintiff have a claim under Title VII. The factual basis of his asserted claim appears to be that, in violation 28 U.S.C. § 1738, he was required to disclose a prior criminal record in New Jersey even though New Jersey had expunged that record, and that the record was the basis for denying him employment. It is doubtful that this would be actionable under any statute, certainly not 28 U.S.C. § 1738, but it is clearly not actionable under Title VII.[1]

To the extent plaintiff is attempting to bring a disability discrimination claim under Title VII, this theory also must fail. Title VII prohibits discrimination against only those individuals who fall into protected classes based on their race, color, religion, national origin, or sex. See 42 U.S.C. 2000e-2(a)(1). Title VII does not refer to disability, and courts have accordingly held that the statute offers no protection against discrimination on the basis of disability. See, e.g., Risco v. McHugh, No. 10-CV-6314, 2012 WL 2161115, at *16 (S.D.N.Y. June 14, 2012).

---

[1] Plaintiff also claims that Title VII protects his right, as a veteran, not to be "bypassed" in favor of a "non-vet" by the federal government. Title VII does not protect this right. Plaintiff appears to be referring to his rights under the Veterans Employment Opportunities Act ("VEOA"), which provides "preference eligible veterans with a method for seeking redress where their veterans' preference rights have been violated in hiring decisions made by the federal government." Kirkendall v. Dep't of Army, 479 F.3d 830, 837 (Fed. Cir. 2007). However, a veteran may not sue in federal district court under the VEOA without first filing a complaint with the Secretary of Labor and appealing the alleged violation to the Merit Systems Protection Board. See 5 U.S.C. § 3330a; Conyers v. Rossides, 558 F.3d 137, 148-49 (2d Cir. 2009). Despite having exhaustively detailed the incident that forms the basis of this complaint, plaintiff does not allege that he sought administrative review of his VEOA claim. Leave to amend on this ground is therefore denied.

3

Finally, plaintiff's purported claims under the First, Fourth, and Fourteenth Amendments are unsustainable, and leave to amend the complaint to bring these claims is therefore denied. The only mechanism for bringing a lawsuit under these amendments is 42 U.S.C. § 1983, and the Eleventh Amendment shields defendant from all lawsuits brought under § 1983. See, e.g., Bland v. New York, 263 F. Supp. 2d 526, 534-35 (E.D.N.Y. 2003). Even if defendant was not entitled to Eleventh Amendment immunity, there is nothing in plaintiff's complaint or his opposition to this motion which would give rise to a § 1983 claim under the First, Fourth, or Fourteenth Amendments.

To state a claim of discrimination under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that a government actor intentionally discriminated against him on the basis of his membership in a protected class. See Linder v. City of New York, 263 F. Supp. 2d 585, 592 (E.D.N.Y. 2003). Plaintiff does not allege that he is a member of a protected class. Although he impliedly asserts that he is disabled, the Supreme Court has made clear that "[d]isability is not a protected class." Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 366, 121 S. Ct. 955 (2001). Likewise, the facts do not appear to give rise to claims under the First or Fourth Amendment. Plaintiff has alleged no searches or seizures that could have violated the Fourth Amendment, and does not allege that he engaged in, or was punished by his employer for, any protected speech. See generally Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 97 S. Ct. 568 (1977); United States v. Simmons, 661 F.3d 151 (2d Cir. 2011). Leave to amend to bring these § 1983 claims is therefore denied.

4

Accordingly, defendant's [10] motion to dismiss is granted, and leave to amend is denied.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
       August 1, 2012